**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

|  |  |  |
|---|---|---|
| **CHERYL WRIGHT NARVAEZ o/b/o J.D.N.M.,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Case No. 4:26-cv-574-CDL-CHW** |
| | : | **28 U.S.C. § 2241** |
| **Warden, STEWART DETENTION CENTER,** | : | |
| | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

**ORDER**

On April 8, 2026, Cheryl Wright Narvaez filed an application for habeas corpus relief under 28 U.S.C. § 2241 (Doc. 1) on behalf of Petitioner J.D.N.M. in the United States District Court for the Middle District of Georgia. The petition is signed only by Ms. Narvaez, who claims she filed the petition as Petitioner's wife and as his "next friend." (*Id.*).

Someone acting as "next friend" may file a habeas petition on behalf of a person unable to seek relief himself. *Francis v. Warden*, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999)); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). To show standing, the next friend must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Francis*, 246 F. App'x at 622 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)).

While Ms. Narvaez cites Petitioner's detention as preventing him from preparing and defending his asylum claim, she does not explain why Petitioner is unable to file a habeas application for himself. The Court regularly receives signed *pro se* applications from detainees at Stewart Detention Center. Ms. Narvaez does not provide an explanation of why Petitioner's circumstances differentiate him from the other detainees at Stewart Detention Center. As such, in order for this matter to proceed, Ms. Narvaez must either provide additional information for why she should be allowed to proceed as next friend for Petitioner, or the Court must receive an application for habeas relief signed by Petitioner personally. The Clerk is DIRECTED to provide the appropriate standard habeas form for this purpose and to mail a copy of this Order and standard habeas form to both Ms. Narvaez and to Petitioner.  Petitioner shall have twenty-one (21) days to comply with this order.  Failure to comply may result in dismissal of this action.

**SO ORDERED**, this 14th day of April, 2026.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge